FILED
U.S. DIST COURT
MIDDLE DIST OF LA.
01 FEB 1 22
SIGN
by DEPUTY CLERK

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**BATON ROUGE DIVISION**

**BYRON H. SIGNORELLI** | **CIVIL ACTION NO.** 01-108-C-M3

**VERSUS** | **JUDGE:**

**STATE OF LOUISIANA, RICHARD STALDER, JAMES LeBLANC, STEVE RADER, CONNIE BOWERS, DIXON CORRECTIONAL INSTITUTE** | **MAG. JUDGE:**

**PETITION FOR JUDICIAL REVIEW**

1. Administrative Remedy Action

A. Did you present the facts relating to your complaint in the prisoners' grievance procedure?
YES [x} NO [ ]

B. If your answer is YES, what is the number assigned to the prisoners' grievance? (Note: List only one)

ARP. No. Filed see exhibit A1 and A2 (Never answered).

Disciplinary Board Appeal No. Never received answer.

Property Claim No.______________________________

C. If your answer is YES:

1. What steps did you take? File ARP over forty (40) days ago. See Exhibit A1 and A2. Wrote letters see Exhibit C, D and E.

2. What was the result? See Exhibit G - Letter from internal affairs



INITIALS | DOCKET#
1

II. Previous Lawsuits

A. Have you begun any other lawsuits in state or federal court dealing with the same facts involved in this action or the same administrative grievance?

YES [X] NO [ ]

B. If your answer is YES, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

1. Plaintiff(s): Same as above Doc #__________

Defendant(s): Same as above

2. Court (If Federal Court, name the District, if State Court, name the Parish):

19th Judicial Parish, East Baton Rouge, Louisiana

3. Docket Number: 468-151, Div. M

4. Name of Judge to whom case was assigned: Unknown

5. Disposition ( for example: Was the case dismissed? Was it appealed? Is it still pending?):

Suit filed in January, 1999. Defendants never answered Motion for Preliminary Default filed in August, 1999. Judge dismissed case in August.

6. Approximate date of filing of lawsuit: January, 1999

7. Approximate date of disposition: August, 1999

III Parties:

A. Plaintiff (Fill in your name, DOC #, and present address):

Name: Byron Signorelli, c/o Arlene Signorelli, 114 C Aaron Drive, Lafayette,

01 FEB - 1

FILED
U.S. DIST. COURT
MIDDLE DIST. OF LA.
SIGN
by DEPUTY CLERK

01 FEB -1 PM 4:22

SIGN
by DEPUTY CLERK

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**BATON ROUGE DIVISION**

**BYRON H. SIGNORELLI** — **CIVIL ACTION NO.** 01-108-C-M3

**VERSUS** — **JUDGE:**

**STATE OF LOUISIANA, RICHARD STALDER, JAMES LeBLANC, STEVE RADER, CONNIE BOWERS, DIXON CORRECTIONAL INSTITUTE** — **MAG. JUDGE:**

**PETITION FOR EMERGENCY WRIT OF HABEAS CORPUS, MOTION OF DEFAULT**

1.

**JURISDICTION**

This court has jurisdiction vested under the authority of the Louisiana Constitution of 1974 and SA:C.C.P. Articles 1988, 1990, 1991, 1994, 1997, 1998 and La. R.S. 15:1711-77 and Departmental Regulation, B-04-001, (11), A, B, and LSA: C.Cr.P. Articles 354 and 360.

2.

**STATEMENT OF CASE HISTORY**

On November 23, 1999, plaintiff filed a valid ARP (See Exhibits A-1 and A-2).

On December 13, 1999, plaintiff notified Deputy Warden Steve Rader (See Exhibit C).

| INITIALS | DOCKET# |
| --- | --- |
| | |

On December 15, 1999, plaintiff contacted Secretary of D.O.C., Richard Stalder (See Exhibit E).

On December 16, 1999, Jet Pelz contacted the plaintiff but the ARP is still not being processed in violation of La. R.S. 15:1711-77 (See Exhibit G).

On December 20, 1999, plaintiff notified Warden James LeBlanc (See Exhibit D).

3.

**STATEMENT OF THE CLAIMS OF TRIAL**

On May 13, 1999, Honorable Judge H. Ward Fontenot sentenced me to serve two (2) years, with a recommendation to Blue Waters Treatment, not to a D.O.C. incarceration at DCI or any state prison (See Exhibit F, sentencing transcript). The only sentence which can be imposed are the sentence guidelines set forth by the Judge which was a plea bargain. See *Rejeni Pierre vs. Maggio*, 445 So.2d 425 (La. Supp. 1784). The defendants/obligators are in default of their own laws and in Department Regulations, and all relief desired in this matter in the ARP, plus monetary damages for mental stress, mental anguish and mental strain, also for lost wages at the rate of pay at last job, $9.50 per hour, forty (40) hours per week. That each defendant is in default of LSA C.C.P. articles 1988, 1990, 1991, 1994, 1997 and 1998 and all relief sought in this matter stated above and in ARP (See Exhibit A-1).

4.

**CONCLUSION**

WHEREFORE, plaintiff prays that this Honorable Court will grant that plaintiff be

awarded monetary damages for mental stress, mental anguish and mental strain, also for lost wages at the rate of pay at last job, $9.50 per hour, forty (40) hours per week. all costs to be paid by the defendants, including but not limited to attorney fees, etc, and trial by Jury.

Petitioner further prays that he be allowed to pursue this matter in forma pauperis inasmuch as he is still incarcerated and unable to pay costs as they accrue.

Dated this 1st day of December, ~~1999~~ 2000.

Respectfully submitted,

Byron H. Signorelli

Byron H. Signorelli

Louisiana, 70508 (I am still incarcerated but request that you forward all responses to my mother at the above address DOC # 385493

(In Item B Below, place the full name of defendant in the first blank, their official position in the second blank, and their place of employment in the third blank. Use item C for the names, positions and places of employment of any additional defendants):

B. Defendant: State of Louisiana

C. Additional defendants:

Richard Stalder, Secretary of DOC, State of Louisiana, James LeBlanc, Warden, Dixon Correctional Institute, Steve Rader, Deputy Warden over Security, Dixon Correctional Institute, Connie Bowers, ARP Screening Officer, Dixon Correctional Institute.

IV. Statement of Claim

Sate here briefly as possible why you believe the final decision by the Department in the administrative remedy action you listed in Part I, above is incorrect. (See: La. R.S. 15:1177 and R.S. 49:964).

See attached Emergency Writ of Habeas Corpus.

V. Relief

State briefly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes. See attached petition for emergency writ of Habeas Corpus and Motion of Default, also relief therein and in ARP, Exhibits A1 and A2.

Signed this 1st day of December, 2000.

Byron G. Seymour [signature] DOC # 385493

## SERVICE INFORMATION REQUIRED

The plaintiff must provide full names and addresses for service below on all defendants:

State of Louisiana
Richard Ieyoub
Attorney General
Baton Rouge, LA

James LeBlanc
Dixon Correctional
Institute
Post Office Box 788
Jackson, LA 70748

Steve Rader
Dixon Correctional
Institute
Post Office Box 788
Jackson, LA 70748

Richard Stalder
Dept. Public Safety
& Corrections
Post Office Box 94304
Baton Rouge, LA 70804

Dixon Correctional
Post Office Box 788
Jackson, LA 70748

Connie Bowers
Dixon Correctional
Post Office Box 788
Jackson, LA 70748

## INMATE ASSISTANCE CERTIFICATIOIN

I. Were you assisted by any inmate in the preparation of, or research for this lawsuit?

NO [X}

5.

# Affidavit

State of Louisiana
Parish of East Feliciana

I Byron H. Signorelli, do swear under penalty of Law that the foregoing is true and Correct
Done this 30th Day of ~~January, 2000~~ December 1999

Byron Signorelli

SWORN and SUBSCRIBED Before me on this 30th day of ~~January, 2000~~ December 1999

[signature]

~~Notary Public~~
R. C. Hydwall
Ex officio Notary

## ORDER

Concerning the above and foregoing Petition for Emergen Writ of Habeas Corpus, Motion of DEFAULT;

It is ordered that the defendants show cause

 Exhibit A-2

December 5, 99

Department of Public Safety and Correction
Dixon Correctional Institute
Pursuant to LA R.S. 15:1171-77 and LSA CCP Art. 1988-98

To: Warden Steve Rader
From: Byron Signorelli #385493, Unit I, Dorm 4

This is a request for Administrative Remedy Procedure. (Revised from November 23, 1999)

Statement of Undisputed facts for Trial

It has just come to my attention on the 6th day of December 1999. That the trial Judge did not sentence me to (DPSC), and only made a recommendation that I recieve treatment at Blue Walters Treatment Center. I am in a state of false Imprisonment, nor to hard labor, in violation of B-04-001 and LSA: CC.P. Articles 1988, 1990, 1991, 1994, 1997 and 1998

Statement of Undisputed Claims for Trial

1) The administration of (DPSC) and (DCI) are in violation of my rights by holding me in a Hard Labor Institution and:

2) The administration of (DPSC) and or (DCI) has willfully violated Departmental Regulation B-04-001, In not abiding the trial Judges sentence, nor my plea agreement. Wich does not include incarceration in [illegible]

3) The administration of (DPSC) and/or (DCI) has willfully violated State ex Rel Bierre-vs-Maggio, 445 So 2d. 425, LA. Supp 1984, and State-vs Terrebonne; 590 So 2d. 105, LA app. 5th Cir 1991. See attached transcript.

4) That the administration of (DPSC) and/or (DCI) violated my rights when my prior probation was not revoked. It is still running, thus I can not be placed into a hard labor institution such as DCI-2

Relief Desired

1) That I be paid $1,500 dollars for every day and 10,000 for every weekend that I have been made to spend in a hard labor institution, and/or incarcerated by the Department of Public Safety and Corrections. That all defendants/obligators are in default of a conventional obligation, and that the obligators pay all co-costs of this action ect., and admendments to come. That I be released from any incarceration in prison and/or jail and the Department of Public Safety and Corrections

Sincerely

Byron Signorelli

Byron Signorelli

Exhibit C

To: Warden Steve Rader

From: Byron Signorelli, #305493 Unit 2 Dorm 4

Date: December 13, 1999

On November 23, 1999, I wrote and sent in an Administrative Remedy Procedure, wich I recived on December 6, 1999. This ARP stated that I was not sentenced to the Department of Public Safety and Corrections, nor to hard labor. I also attached a copy of my sentencing transcripts as proof of this. As of this date I have not recieved a reply. I am writing to you, to inquire as to the status of said ARP. Your attention and reply to this matter would be greatly appreciated.

Sincerely
Byron Signorelli
Byron Signorelli

exhibit - e

To: Secretary, Department of Safety and Corrections
From: Byron Signorelli # 385493 DCI Unit 2 Corn 4
Date: December 15, 1999

I am enclosing a copy of ~~an~~ Request for Administrative Remedy Procedure, wich I sent to Warden James Leblane on November 23, 1999. I have not recieved any responses as of yet. I would appreciate it if you would look into this matter. Your time and concideration would be greatly appreciated.

Sincerly
Byron Signorelli
BYRON SIGNORELLI

DEPART ENT OF

# PUBLIC SAFETY AND CORRECTIONS

J. "MIKE" FOSTER, JR., GOVERNOR

RICHARD L. STALDER, SECRETARY

exhibit - G

December 16, 1999

Byron Signorelli
#385493

DCI

RE: Request for Administrative Remedy

Inmate Signorelli

You must file your request with the Warden's Office. Computer records indicate that you have not done so. We are returning the request to you.

Jef Pelz
CIA investigator III

cc: Warden LeBlanc

P.O. Box 94304 • Capitol Station • Baton Rouge, Louisiana 70804-9304
(225) 342-6649
OPPORTUNITY EMPLOYER

exhibit - d

To: Warden James Leblanc
From: Byron Signorelli #385493 Unit 2 Dorm 4
Date: December 20, 1999

On November 23, 1999, I wrote and sent in, an Administrative Remedy Procedure, wich I revised on December 6, 1999. This A.R.P. stated that I was not sentenced to the Department of Safety and Corrections, nor to Hard labor. I also attached a copy of my sentencing as proof of this. As of this date, I have not recieved a reply. I am writing to inquire as of the status of this A.R.P.. Your attention to ~~this~~ matter and also a reply would be greatly appreciated.

Sincerly
Byron Signorelli
Byron Signorelli

November 23

Department of Public Safety and Corrections
Dixon Correctional Institute
Pursuant to LA. R.S. 15:1171-77 and LSA CCP Art 1988-9

To: Warden James LeBlanc
From: Byron Squarell, #385493 Unit 2 Dorm 4

This is a request for an Administrative Remedy Procedure

Statement of Undisputed facts for Trial

It has just come to my attention on this 23rd Day of November 1999. That the trial judge did not sentence me to (DPSC), but to Blue Walter Treatment Center only. I am in a state of false imprisonment, now to Hard Labor, in violation of B-04-001 and LSA: C.C.P. Articles 1988, 1990, 1991, 1994, 1997, and 1998

Statement of Undisputed Claims for Trial

1) The Administration of (DPSC) and (DCI) are in violation of my rights by holding me in a Hard Labor institution and:
2) The Administration of (DPSC) and or (DCI) has willfully violated Dept. Reg. B-04-001. In not obeying the Trial Judge, sentence nor my plea agreement of Blue Walters only, not a DOC incarceration in an institution of Hard Labor and:
3) The Administration of (DPSC) and or (DCI) has willfully violated State ex Rel. Pierre -vs- Maggio, 495 SO 2d. 425, LA. Supp 1984, and State vs Terrebonne, 590 SO 2d. 105, LA. app 5th Cir. 1991. see attached transcript.

November

Department of Public Safety and Corrections
Dixon Correctional Institute
Pursuant to LA. R.S. 15:1171-77 and LSA. CCP Art 1988

To: Warden James LeBlanc
From: Byron Sqwobell, #385493 Unit 2 Dorm 4

This is a request for an Administrative Remedy Procedure.

Statement of Undisputed facts for Trial

It has just come to my attention on this 23rd Day of November 1999. That the trial judge did not sentence me to (DPSC), but to Blue Walter Treatment Center only. I am in a state of false imprisonment, now to Hard Labor, in violation of B-04-001 and LSA: C.C.P. Articles 1988, 1990, 1991, 1994, 1997, and 1998

Statement of Undisputed Claims for Trial

1) The Administration of (DPSC) and (DCI) are violation of my rights by holding me in a Hard Labor institution and:
2) The Administration of (DPSC) and or (DCI) has willfully violated Dept. Reg. B-04-001. In not abiding the Trial Judge, sentence for me plea agreement of Blue Walters only, not a DOC. incarceration in an institution of Hard Labor and:
3) The Administration of (DPSC) and or (DCI) has willfully violated State ex Rel. Pierre -vs- Maggio, 445 So 2d. 425, LA. Supp 1984., and State vs Terrebone, 590 So 2d. 105, LA. app 5th Cir. 1991. see attached transcript.

## II Previous Lawsuits

A. Have you begun any other lawsuits in state or federal court dealing with the same facts involved in this action or the same administrative grievance?

YES [ ] NO [X]

B. If your answer is YES, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of pater, using the same outline.)

1. Parties to this previous lawsuit:

Plaintiff(s): ____________________, DOC # ______________

____________________, DOC # ______________

Defendant(s): ______________________________________

______________________________________

2. Court (If Federal Court, name the District; if State Court, name the Parish):

______________________________________

3. Docket number: ______________________

4. Name of Judge to whom case was assigned: ______________

5. Disposition [for example: Was the case dismissed? Was it appealed? Is it still pending?]:

______________________________________

6. Approximate date of filing lawsuit: ______________

7. Approximate date of disposition: ______________

Form IJR - 1 (Rev. 1/99)

III. Parties

A. Plaintiff (Fill in your name, DOC #, and present address)

Name: Byron Signorelli, DOC # 385493

Address: Dixon Correctional Inst. P.O. Box 788 Jackson, LA. 70748

[In item B below, place the full name of the defendant in the first blank, their official position in the second blank, and their place of employment in the third blank. Use item C for the names, positions, and places of employment of any additional defendants.]

B. Defendant State of Louisiana, is employed as ____________ ____________ at ____________

C. Additional defendants:

Richard Stalder Secretary of D.O.C. State of LA.
James Leblanc Warden Dixon Correctional Inst.
Steve Rader Deputy Warden over Security Dixon Correctional I
Dixon Correctional Institute.
Candie Bowers ARP Screening Officer Dixon Correctional

IV. Statement of Claim

State here as briefly as possible why you believe the final decision by the Department in the administrative remedy action you listed in Part I, above, is incorrect. (See: La. R.S. 15:1177 and R.S. 49:964). See attached Emergency Writ of Habeas Corpus

Form IJR - 1 (Rev. 1/99)

V. Relief

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes. See attached petition for emergency WRIT of HABEAS Corpus and Motion of Default; also Relief therein and in ARP. exhibits A-1 + A2

VI. RULE XII - 19TH JDC RULES - YOU MUST ATTACH TO THIS PETITION A COPY OF THE FINAL DECISION BY THE DEPARTMENT.

Signed this 30th day of December, 1999.

Byron Signorelli DOC # 385493

DOC # ____________

DOC # ____________

(Signature of plaintiff or plaintiffs)

VERIFICATION

STATE OF LOUISIANA

PARISH OF East Feliciana.

Byron Signorelli, DOC # 385493, being first duly sworn, under oath says: that he is the plaintiff in this action and knows the content of the above petition; that it is the true of his knowledge, except as to those matters that are stated in it on his information and belief, and as to those matters he believes them to be true.

Byron Signorelli

(Signature of plaintiff)

Subscribed and sworn to me this 30th day of December, 1999.

(Notary Public or other person authorized to administer an oath)
R.C. Hudnall
Ex officio Notary

- SERVICE INFORMATION REQUIRED -

The Plaintiff must provide full names and addresses for service below on all defendants.

State of Louisiana
Richard Ieyoub
Office of Attorney General
Baton Rouge, LA.

James Leblanc
Dixon Correctional Inst
P.O. Box 788
Jackson, LA 70748

Steve Rader
Dixon Correctional
P.O. Box 788
Jackson LA 70748

Richard Stalder
Dept. of Public Safety and Corrections
P.O. Box 94304
Baton Rouge, LA. 70804

Dixon Correctional Inst.
P.O. Box 788
Jackson ...

Connie Bowers
Dixon Correctional Inst
P.O. Box 788
Jackson, LA. 70748